UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 50, filed on May 5, 2023)

## I.   INTRODUCTION

On August 4, 2022, plaintiff Associated Industries Insurance Company, Inc. ("AIIC") brought suit against Robert Bandari dba L.A. Art Cabinetry ("Bandari") and Does 1 through 20. Dkt. 1. AIIC issued a commercial general liability policy to Bandari, numbered XN1063077-05 (the "policy"). The policy provided coverage to Bandari for all sums up to a limit of $1,000,000 per occurrence of bodily injury or property damage that Bandari becomes legally obligated to pay. While this policy was in effect, an underlying claim arose after the injury of one of Bandari's customers on March 16, 2022. AIIC sought declaratory relief that (1) it has no duty to defend Bandari; and (2) no duty to indemnify Bandari with respect to the underlying claim. AIIC also requests that it be awarded its costs incurred in this action.

On September 28, 2022, Bandari answered the complaint and filed a counterclaim against AIIC, Customer Care Insurance Services, Inc., and Builders & Tradesmen's Inc., dba Unitas Insurance Services. Dkts. 16, 17. Bandari brought claims of relief for (1) promissory estoppel and waiver against AIIC; (2) breach of contract against AIIC; (3) breach of the covenant of good faith and fair dealing against AIIC; (4) promissory fraud against AIIC; and (5) negligence against Customer Care and Builders. Id.

On October 19, 2022, AIIC brought a motion to dismiss Bandari's counterclaim. Dkt. 25. While that motion was pending, Bandari and AIIC filed a joint stipulation to dismiss Bandari's counterclaim in its entirety without prejudice, and for the Court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

grant AIIC leave to file a first amended complaint. Dkt. 33. On November 18, 2022, the Court granted the parties' joint stipulation and denied AIIC's motion to dismiss Bandari's counterclaim as moot. Dkt. 34.[1]

On November 29, AIIC filed an amended complaint against Bandari. Dkt. 37 ("FAC"). The FAC brings the same claims and seeks the same relief as the original complaint. The FAC adds further factual allegations relating to third party litigation of the underlying claim, which is discussed in detail below.

On May 5, 2023, AIIC brought the instant motion for summary judgment. Dkt. 50 ("Mot."). On May 26, 2023, Bandari filed an opposition. Dkt. 61 ("Opp."). On June 9, 2023, AIIC filed its reply. Dkt. 63 ("Reply").

On June 26, 2023, the Court held a hearing. The Court permitted Bandari to file a supplemental brief attaching his initial insurance application to support his arguments relating to the application. Bandari filed the supplemental material on July 3, 2023. Dkt. 72 ("Bandari's Supp."). AIIC filed a responsive brief on July 10, 2023. Dkt. 74 ("AIIC's Supp.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[2]

---

[1] Customer Care and Builders did not appear in this action prior to the Court's order granting Bandari and AIIC's joint stipulation to dismiss Bandari's counterclaim, and they were accordingly terminated as parties.

[2] The parties assert numerous evidentiary objections to the other side's evidence. Dkts. 61-3; 64. "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 (C.D. Cal. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

A.      **AIIC issued commercial general liability policy to Bandari**

AIIC is a Florida-based corporation engaged in the business of issuing insurance policies, including the one at issue in this case. See FAC ¶ 4. Robert Bandari lives in Los Angeles, California, and does business under the name L.A. Art Cabinetry. Id. Bandari makes cabinets, cases, sashes, doors, trims, nonbearing partitions and other items of "finish carpentry" by cutting, surfacing, joining, gluing and fabricating wood or other products to provide a functional surface. Dkt. 61-3 ("Statement of Disputed Facts" or "SDF"), ¶ 21. Bandari also places, erects, and finishes such cabinets and millwork in structures. Id. ¶ 23.

AIIC issued a commercial general liability policy to Bandari as an individual. The policy, numbered XN1063077-05, was renewed by the parties and was in effect from April 1, 2021 to April 1, 2022. The policy provided coverage to Bandari for all sums up to a limit of $1,000,000 per occurrence that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. Id. ¶¶ 9, 16. The policy also contained endorsement number GL990186 0317 entitled "**EXCLUSION - UNLICENSED CONTRACTORS**," (emphasis original) which reads as follows:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

A. The following is added to Paragraph 2. Exclusions:

This insurance does not apply to:

"Bodily injury" or "property damage" arising out of "your work" if you or the contractor(s) performing the work on your behalf out of which the

---

To the extent that the Court relies on objected-to evidence, it has considered and **OVERRULED** the parties' evidentiary objections. Evidence not considered by the Court is not addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

"bodily injury" or "property damage" arose was not a "validly licensed contractor" at the time the work was performed.

B. The following definition is added to the Definitions section:

"Validly licensed contractor" means a person or organization with a license in good standing in the jurisdiction in which the work was performed that permits the person or organization to perform the type of work out of which the "bodily injury" or "property damage" arose, whether or not a license was required to perform the work.

But if no such license was available in the jurisdiction, then this exclusion does not apply.

See SDF ¶ 13; Dkt. 54-8 ("Insurance Policy").

### B. Occurrence of injury at Bandari's shop leads to litigation

On March 16, 2022, nonparty Oshin Shabani visited Bandari's cabinet shop. SDF ¶ 1. At the time of Shabani's visit, Bandari was using a Powermatic table saw to manufacture stairs for a project with an estimated value between $5,000 and $7,000. Id. ¶ 3. Earlier in the morning, Bandari had removed the blade safety cover from the table saw to clean dust out of it and forgot to replace it. Id. ¶ 5. Shabani began to assist Bandari with cutting the wood on the table saw. Id. ¶ 6. Shabani's hand got too close to the blade and he cut off several fingers and part of a thumb. Id. AIIC's insurance coverage was in effect on the date of Shabani's accident. Id. ¶ 8.

On August 25, 2022, Shabani sued Bandari in Los Angeles Superior Court for personal injury and premises liability. Id. ¶ 11. Bandari tendered the defense of that action to AIIC, which agreed to provide a defense to Bandari under a reservation of rights. Id. ¶ 12.

### C. Bandari is not a licensed contractor in California

In California, the Contractors State License Board ("CLSB") licenses and regulates contracting work and the construction industry through approximately 44 different classifications. Aside from B-1 general and B-2 remodeling contracting licenses, see Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

Bus. & Prof. Code § 7055, two specialty licenses are relevant to this litigation: the Class C-5 and C-6 licenses. The C-5 class defines a "framing and rough carpentry" contractor as one who "performs any form work, framing or rough carpentry necessary to construct framed structures; installs or repairs individual components of framing systems and performs any rough carpentry or associated work, including but not limited to the construction or installation of: sub-flooring, siding, exterior staircases and railings, overhead doors, roof decking, truss members, and sheathing." Cal. Code Regs. tit. 16, § 832.05. The C-6 class defines a "cabinet, millwork and finish carpentry" contractor as one who "makes cabinets, cases, sashes, doors, trims, nonbearing partitions and other items of 'finish carpentry' by cutting, surfacing, joining, gluing and fabricating wood or other products to provide a functional surface," and who "also places, erects, and finishes such cabinets and millwork in structures." Id. § 832.06.

Here, it is undisputed by the parties that Bandari has not held any contractor's license issued by the state of California. SDF ¶ 2.

### III. REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Mullis v. U. S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

Here, plaintiff requests that the Court take judicial notice of the following documents:

(1) Complaint filed by Shabani against in Los Angeles County Superior Court, entitled Oshin Shabani v. Robert Bandari, et. al, Case No. 22STCV27796 (Dkt. 53, Request for Judicial Notice "RJN," Ex. 1);

(2) First Amended Complaint in the instant litigation brought by AIIC against Bandari (RJN Ex. 2);

(3) "A true and correct copy of the Contractors State License Board Description of Classifications and opening page" of the Contractors State License Board" website (RJN Ex. 3); and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

(4) "A true and correct copy of the California Department of Insurance License Details of Armen Margaryan" (Dkt. 68, RJN Ex. 4).

Defendant appears to oppose plaintiff's request for judicial notice on the basis that the request is "not relevant to [the] issues in this case," and the documents "contain hearsay statements for which there is no exception." Dkt. 61-1. However, a court may take judicial notice of "matters of public record" as well as "records and reports of administrative bodies." Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986); see e.g., Love v. Marriott Ownership Resorts, Inc., No. 20-CV-07523-CRB, 2021 WL 1176674, at *3 (N.D. Cal. Mar. 29, 2021) (taking judicial notice of public website and documents maintained by government agencies).

Accordingly, the Court **GRANTS** plaintiff's request for judicial notice as to these documents.

## IV. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**V.    DISCUSSION**

AIIC argues that because Bandari's insurance policy excluded coverage for bodily injury or property damage arising out of unlicensed carpentry work and because Bandari was unlicensed at the time of Shabani's injury, AIIC has no duty to indemnify or defend Bandari.

**A.    Duty to indemnify and duty to defend**

"The first obligation, the duty to indemnify, requires the insurer to indemnify claims that are covered by the policy." Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 377 F. Supp. 3d 1134, 1142 (S.D. Cal. 2019) (citation omitted). This obligation arises only after liability has been established. Id. However, in contrast, an insurer's duty to defend its insured is broad. Pension Trust Fund for Operating Engineers v. Federal Ins. Co., 307 F.3d 944, 949 (9th Cir. 2002). An insured is entitled to a defense "if the underlying complaint alleges the insured's liability for damages potentially covered under the policy." Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287, 299 (1993) (emphasis in original). "The duty to defend is broader than the duty to indemnify, and it may apply even in an action where no damages are ultimately awarded." Scottsdale Ins. Co. v. MV Transp., 36 Cal.4th 643, 654 (2005). Whether there is a duty to defend turns upon "those facts known by the insurer at the inception of a third party lawsuit." Montrose, 6 Cal.4th at 295.

"When determining whether a particular policy provides a potential for coverage and a duty to defend, [courts] are guided by the principle that interpretation of an insurance policy is a question of law." Waller v. Truck Ins. Exch., Inc., 11 Cal.4th 1, 18 (1995). "Moreover, that the precise causes of action pled by the third-party complaint may fall outside policy coverage does not excuse the duty to defend where, under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." Scottsdale Ins. Co., 36 Cal.4th at 654.

Crucially for purposes of the instant motion, defense of a policyholder is excused only when "the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage." Montrose, 6 Cal.4th at 300. An insurer may rely on an exclusion to deny coverage only if it provides conclusive evidence demonstrating that the exclusion applies. Atl. Mut. Ins. Co. v. J. Lamb, Inc., 100 Cal. App. 4th 1017, 1038–39 (2002). When an underlying claim falls within an explicit coverage exclusion in the insurance policy, the insurer has no duty to defend. See, e.g., Itzhaki v. United States Liab. Ins. Co., 536 F. Supp. 3d 651, 657 (C.D. Cal. 2021) (granting summary judgment and concluding that underlying claim fell within insurance policy exclusion); Titan Corp. v. Aetna Cas. & Sur. Co., 22 Cal. App. 4th 457, (1994) (reversing judgment and holding that underlying claim fell within insurance policy exclusion). And "where there is no duty to defend, there cannot be a duty to indemnify." Certain Underwriters at Lloyd's of London v. Superior Ct., 24 Cal. 4th 945, 958 (2001).

Here, it is undisputed by the parties that the insurance coverage policy contained the unlicensed contractor exclusion and that Bandari did not have any license. Bandari offers no evidence to create a triable issue of fact as to whether the claims in the underlying action brought by Shabani fall within the unlicensed contractor exclusion. Instead, Bandari argues on various grounds that the unlicensed contractor exclusion should not be enforced. The Court addresses these arguments in the following section.

    **B.**    **Enforceability of the unlicensed contractor exclusion**

In opposition to AIIC's motion for summary judgment, Bandari makes several arguments that the unlicensed contractor exclusion should not be enforced. First, Bandari argues that "reading and understa[nd]ing an issue policy are not one [and] the same," and that "courts will not enforce policy limitations and exclusions that are not brought to the attention of insureds." Opp. at 12–13 (citing Haynes v. Farmers Ins. Exch., 32 Cal. 4th 1198, 1204 (2004)). Specifically, Bandari contends that his primary language is Armenian and that he needs to have documents in English translated "to properly understand" them. Id. at 14. Bandari further contends that he relied upon a broker, Armen Margaryan of Customer Care, whom Bandari claims is an agent of AIIC and did not properly explain the insurance policy to him. Id. at 14–15. Bandari also appears to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

argue that waiver and estoppel should preclude enforcement of the unlicensed contractor exclusion on the basis that AIIC knew Bandari does not have any carpentry license and nonetheless chose to issue and renew the insurance policy to him. See Opp. at 17 ("Had Defendant not brought forth this claim, Plaintiff would have continued to collect [its] premium and led Defendant to believe that he was appropriately insured. The Court cannot reward Plaintiff with that type of behavior [because doing so] would go against Public Policy.").

In reply, AIIC argues that Margaryan, as an independent insurance broker, is statutorily defined as an agent of the insured and not the insurer. Reply at 7 (citing Cal. Ins. Code § 33). Accordingly, AIIC contends that none of Margaryan's actions can legally be imputed to it. Plaintiff additionally cites to case law holding that Bandari has a duty to read the insurance policy and that he is bound by all of its clear and conspicuous provisions, which here includes the unlicensed contractor exclusion. Id. at 4–6 (citing Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp., 197 Cal. App. 4th 1146, 1156 (2011); Merrill & Seely, Inc. v. Admiral Ins. Co., 225 Cal. App. 3d 624, 631 (1990)). Finally, AIIC contends that Bandari provides no legal support for his position that AIIC waived the unlicensed contractor exclusion in the policy. Instead, AIIC argues that coverage under an insurance policy cannot be established by estoppel or waiver. Id. at 9–10 (citing Manneck v. Lawyer's Title Ins. Corp., 28 Cal. App. 4th 1294, 1303 (1994); Harper v. National Union Fire Ins., 377 F. Supp. 3d at 1154).

As noted above, the Court permitted the parties to file supplemental briefing addressing defendant's arguments related to his insurance application. The insurance application asked Bandari to provide information about his business and contracting work, including any license number. Dkt. 72-1. Bandari left the box for the license number blank. Id. In his supplemental briefing, Bandari raises two arguments relating to this blank box of the application. First, defendant argues, without citation, that a "[contracting] license number was required to determine whether there was a valid license per AIIC's own policy requirements." Bandari's Supp. at 1–2. Defendant states, again without supporting authority, that "[a]s the insurer is responsible for drafting the application, it is appropriate that they be required to review the application and rescind it based on an incomplete application." Id. at 8. In essence, Bandari argues that in light of the fact that he left the license box blank, that omission created an affirmative duty on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

part of AIIC to make further inquiries regarding whether Bandari was licensed and whether the policy was appropriate for his needs.

Additionally, Bandari cites to California case law addressing a party's waiver of its right to rescind an insurance contract.[3] While concealment of material facts typically entitles an injured party to rescind insurance, Bandari cites to cases supporting the proposition that "an insurer waives information about a material fact where it neglects to make inquiry about material facts distinctly implied from other facts that had been revealed." Id. at 9 (citing Colony Ins. Co. v. Crusader Ins. Co., 188 Cal. App. 4th 743, 753–54 (2010); Gemini Ins. Co. v. W. Marine Ins. Servs. Corp., No. 210CV03172KJMCKD, 2016 WL 3418413, at *1 (E.D. Cal. June 22, 2016)). Here, Bandari argues that AIIC has waived its right to rescind the policy because Bandari's failure to disclose a contracting license was material to the policy application and triggered AIIC's duty to inquire into his failure to disclose.

Finally, Bandari argues for the first time that a "volunteer worker" provision within the policy requires coverage for Shabani's injuries. According to Bandari, the "volunteer worker" provision provides a "layer of [policy] protection for those who assist in the operation of the business," which applies to Shabani to the extent he "volunteered" to help Bandari at his shop and sustained injuries while doing so. Id. at 3.

In reply, AIIC argues that "[t]here is no evidence or case law before this Court holding that AIIC was required to reject the policy or force Bandari to disclose additional information." AIIC's Supp. at 7. Instead, AIIC argues that "insurance companies have no affirmative duty to advise their insured to procure particular or different kinds of coverage than [that which] they obtained." Id. at 6 (citing Fitzpatrick v. Hayes, 57 Cal. App. 4th 916, 927 (1997), as modified (Oct. 16, 1997)). AIIC additionally emphasizes that Bandari's citations to Gemini and its discussion of the waiver of an insurer's right to rescind a policy is inapposite here. AIIC notes that in Gemini and the other cited cases, the insurer sought to rescind the policy *ab initio* upon a discovery of material misrepresentation made by the insured in the application. AIIC reiterates that it does not seek rescission of the policy, it rather simply seeks to enforce the plain terms of the unlicensed contractor exclusion because it "clearly and unambiguously excludes

---

[3] Bandari first cited to Gemini Ins. Co. v. W. Marine Ins. Servs. Corp. at the Court's June 26, 2023 hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

coverage" in this case. Finally, as to the "volunteer worker" provision, AIIC argues that it is inapplicable here, because that provision, located within "Coverage C (Medical Payments)," is "not a liability coverage and imposes no obligation to defend or indemnify." AIIC also notes that Coverage C "indicates that it excludes all damages excluded under Coverage A—which would include the unlicensed contractor exclusion." Id. at 4.

The Court concludes that Bandari's arguments are unavailing. An "insurer has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." Am. Home Assurance Co. v. SMG Stone Co., Inc., 119 F. Supp. 3d 1053, 1062 (N.D. Cal. 2015) (quoting Reg'l Steel Corp. v. Liberty Surplus Ins. Corp., 226 Cal. App. 4th 1377, 1394 (2014)). "[T]o be enforceable, any provision that takes away or limits coverage reasonably expected by the insured must be 'conspicuous, plain and clear' to be enforceable." Haynes, 32 Cal. 4th at 1204 (citing Steven v. Fidelity & Casualty Co., 58 Cal.2d 862, 878 (1962)).

First, the unlicensed contractor exclusion is "conspicuous, plain and clear" under California case law. To be conspicuous, the exclusion "must be placed and printed so that it will attract the reader's attention." Id. To be plain and clear, the provision must be stated "in words that are part of the working vocabulary of the layperson." Id. Here, as set forth above, the unlicensed contractor exclusion is written in plain and clear language—according to the provision, insurance coverage does not apply to:

> "Bodily injury" or "property damage" arising out of "your work" if you or the contractor(s) performing the work on your behalf out of which the "bodily injury" or "property damage" arose was not a "validly licensed contractor" at the time the work was performed.

Dkt. 54-8, Insurance Policy. Bandari does not argue that this provision is not plain or clear. Additionally, aside from quoting generally to the California Supreme Court's decision in Haynes, Bandari does not make any showing that the provision is not "conspicuous" or "placed to attract the reader's attention." On the contrary, the provision has typographical design features similar to those upheld by California courts: the heading of the exclusion states in large, capitalized, and boldfaced type, "**EXCLUSION - UNLICENSED CONTRACTORS**," which is also listed in the table of contents after other endorsements and coverage exclusions. Compare id. with Nat'l Ins. Underwriters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

v. Carter, 17 Cal. 3d 380, 384 (1976) (exclusion was conspicuous where located in a section of the policy under the bold face heading, "**EXCLUSIONS**," in print of the same size and density as the rest of the policy).

Second, Bandari's contentions relating to Margaryan are not relevant to determining the enforceability of the unlicensed contractor exclusion. Bandari cites to no evidence in the record or legal authority to support his conclusory assertion that Margaryan operated as AIIC's agent. Instead, the available evidence and case law leads the Court to the opposite conclusion: Margaryan, as an independent insurance broker, was Bandari's agent. California Department of Insurance records indicate that Margaryan is not listed as an authorized agent of AIIC, see RJN, Ex. 11, while California Insurance Code § 33 provides that "insurance broker" means a "person who, for compensation and on behalf of another person, transacts insurance other than life, disability or health with, but not on behalf of, an insurer." See also LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co., 156 Cal. App. 4th 1259, 1268 (2007) ("[A]n insurance broker by definition represents policyholders, not insurers.").

To the extent Bandari's contentions amount to allegations that his broker misled him during the application and renewal of the insurance policy, such arguments might be appropriately raised as against the broker, but they do not implicate AIIC. Ultimately, "it is a duty of the insured to read his policy," and the insured is generally "bound by clear and conspicuous provisions in the policy even if evidence suggests that the insured did not read or understand them." Chase v. Blue Cross of California, 42 Cal. App. 4th 1142, 1155 (1996) (citation omitted); Malcom v. Farmers New World Life Ins. Co., 4 Cal. App. 4th 296, 304 (1992) (citation omitted); see also Mission Viejo, 197 Cal. App. 4th at 1156 ("Insurers are not required to sit beside a policy holder and force them to read (and ask if they understand) every provision in an insurance policy.").

Third, as to the issue of waiver and estoppel, the Court agrees with AIIC's cited authorities that in California, "[t]he rule is well established that the doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom." R & B Auto Ctr., Inc. v. Farmers Grp., Inc., 140 Cal. App. 4th 327, 352 (2006), as modified (July 5, 2006) (quoting Manneck, 28 Cal. App. 4th 1294, 1303,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

33 Cal. Rptr. 2d at 777). Accordingly, waiver and estoppel are not appropriate grounds on which to preclude the enforceability of the unlicensed contractor exclusion.[4]

    Moreover, to the extent that Bandari argues that enforcement of the exclusion would render the policy illusory, AIIC notes that even if the unlicensed contractor exclusion is enforced, the policy would still provide other coverages to Bandari, including but not limited to "bodily injury sustained because someone tripped over a defective sidewalk outside the premises;" "if the insured's dog bites an invitee[]; a plumbing leak from the insured's property which causes 'property damage' to a neighbor's property; a limited discharge of contaminants which damages property or causes 'bodily injury'; or any 'personal and advertising injury' under Coverage B such as slander, libel, wrongful entry eviction, defense of malicious prosecution, etc." Reply at 8; AIIC's Supp. at 7–8; see generally Dkt. 54-8, Insurance Policy, § 1 ("Coverage A Bodily and Property Damage Liability"), ("Coverage B Personal and Advertising Injury Liability"). "[To render] the Policy 'illusory,' the exclusion must result in a complete lack of any policy coverage . . . [while] the mere possibility of some coverage is enough." Secard Pools, Inc. v. Kinsale Ins. Co., 318 F. Supp. 3d 1147, 1153 (C.D. Cal. 2017), aff'd sub nom. Secard Pools Inc v. Kinsale Ins. Co., 732 F. App'x 616 (9th Cir. 2018) (intellectual property provision that excluded false advertising and Lanham Act claims from policy coverage did not make policy illusory because other "advertising injury" offenses such as defamation claims were still covered). While "plain language may not be enforced if doing so would render the promised coverage illusory [. . . i]nstead, the language will be construed in a manner" to avoid rendering the policy illusory. Croskey et al., Cal. Practice Guide: Insurance Litigation, § 4:29; compare Crusader Ins. Co. v. Burlington Ins. Co., No. CV195371PSGPLAX, 2020 WL 4919387, at *10 (C.D. Cal. June 12, 2020) ("clear and unambiguous" assault and battery exclusion provision did not render insurance policy illusory because the policy covered premises liability claims); with Safeco Ins. Co. of Am. v. Robert S., 26 Cal. 4th 758, 766 (2001) (plain text meaning

---

[4] Bandari appears to argue both that AIIC waived the right to rescind the entire policy and that AIIC is estopped from enforcing the unlicensed contractor exclusion. For the reasons set forth below, AIIC does not seek rescission, so waiver of rescission is irrelevant. As to estoppel, the Court finds that Bandari has provided no basis to estop AIIC from enforcing the exclusion. As described throughout, the provision was clear and conspicuous and does not render the policy illusory.

Case 2:22-cv-05477-CAS-AS   Document 75   Filed 08/10/23   Page 14 of 16   Page ID #:928

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

of "illegal acts" exclusion to insurance policy would render policy illusory). Here, however, there is no ambiguity in the unlicensed contractor exclusion, and the plain text meaning of the exclusion does not preclude the policy from providing coverage in many other circumstances. On this basis, Bandari's policy is not illusory.

Fourth, the Court finds that the "volunteer worker" provision is clearly inapplicable here. As AIIC notes, Coverage C concerns "Medical Payments." Coverage C provides that AIIC will reimburse medical expenses for "bodily injury caused by an accident" on Bandari's premises or "because of [his] operations." Dkt. 54-8. Coverage C has a list of exclusions for which AIIC will not pay medical expenses. The "volunteer worker" provision cited by Bandari is Subsection A, which provides that AIIC "will not pay expenses for 'bodily injury' [t]o any insured, except 'volunteer workers.' " Id. The final exclusion, Subsection G, states that AIIC "will not pay expenses for 'bodily injury' [e]xcluded under Coverage A." Id. Properly construed, AIIC's obligation to insure medical payments pursuant to Coverage C does not apply to Coverage A exclusions, which includes the unlicensed contractor exclusion. Moreover, even if Coverage C somehow applied to the accident here, it would only cover Shabani's medical expenses up to the applicable limit, provided that the "expenses are incurred and reported to AIIC within one year of the date of the accident; and [] the injured person submits to examination, at our expense, by physicians of our choice." Nothing, however, in Coverage C imposes a duty to defend or indemnify, so the provision has no relevance to Bandari in this litigation.

Finally, the Court concludes that Gemini and defendant's other cited cases addressing waiver of rescission are not relevant to this case. Those cases addressed the issue of when an insurer waives its right to rescind a policy by neglecting to inquire about a potential material concealment by the policyholder. None of the cases obligate the insurer to pursue the remedy of rescission, nor do they suggest that in the absence of recission, a policyholder is entitled to coverage when there is an otherwise applicable exclusion. See, e.g., Gemini v. W. Marine, 2016 WL 3418413; Colony v. Crusader, 188 Cal. App. 4th 743; Old Line Life Ins. Co. v. Superior Ct., 229 Cal. App. 3d 1600, 1606 (Ct. App. 1991). Here, AIIC does not seek recission but rather enforcement of the policy, including the unlicensed contractor provision. Accordingly, Gemini and the other cases addressing rescission are inapplicable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

Bandari essentially argues that because he submitted an application without a contractor license number, AIIC should have either made further inquiry about his licensing status, rejected the application, or specially warned him about the unlicensed contractor exclusion in the policy. Counsel for Bandari stated at oral argument that if Bandari knew that his policy coverage would not cover bodily injury arising from unlicensed contracting work, he would not have paid for the policy. However, in light of clearly established law that an applicant is presumed to have read a policy's application and terms, AIIC was not required to notify Bandari that he effectively chose poor policy coverage for his own circumstances.[5] See Croskey et al., Cal. Practice Guide: Insurance Litigation, § 2:84 (insurer does not owe "an independent duty to determine whether the policy applied for is adequate to meet the applicant's economic needs or to recommend additional coverages"); Gibson v. Gov't Emps. Ins. Co., 162 Cal. App. 3d 441, 452 (Ct. App. 1984) (insurers do not owe a "fiduciary duty to . . . advise [policyholders] of inadequacies in coverage of which [the policyholders] should, as reasonable persons, have themselves been aware").[6]

Ultimately, AIIC created a policy whose exclusions are "conspicuous, plain and clear" as required by California law. Bandari had a duty to read the policy and to accurately fill out his application. AIIC had not duty to ensure that Bandari understood the policy. AIIC additionally did not have any duty to make further inquiry of Bandari, warn or advise Bandari about his unlicensed status, or outright reject his application simply because it did not list a license number. AIIC validly elected to issue the policy to Bandari upon the submission of his application. Although the unlicensed contractor

---

[5] The insurer's duties differ from a broker's duties, who "[u]nder certain circumstances . . . may be liable for negligence in recommending coverage to an insurance applicant (because a broker acts on behalf of the insured)." Croskey et al., Cal. Practice Guide: Insurance Litigation, § 2:84.5. Therefore, as discussed above, Bandari might have claims against his broker to the extent he alleges that his broker misled him during the application and renewal of the insurance policy.

[6] To the extent that Bandari appears to argue that the absence of a license number on his application made the application deficient in some material way, the Court concludes that this argument is without merit. Bandari cites to nothing in the record or in the case law supporting the proposition that a valid license was a requirement for AIIC to accept his application and issue the policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-05477-CAS-ASx | Date | August 10, 2023 |
|---|---|---|---|
| Title | ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. v. ROBERT BANDARI DBA L.A. ART CABINETRY ET AL. | | |

provision excludes coverage, the policy is not illusory. Bandari has provided no cognizable basis to preclude enforcement of the unlicensed contractor exclusion. Therefore, because the Court finds that the unlicensed contractor exclusion is enforceable against Bandari, the Court accordingly concludes that AIIC has no duty to defend or indemnify Bandari in connection with Shabani's March 16, 2022 visit to Bandari's shop.

## VI. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** AIIC's motion for summary judgment.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |